# McDonald v. McDonald.

*Bill in Equity by Beneficiaries against Executor as Trustee, for Account and Enforcement of Testamentary Trust.*

1. *Devise and bequest to husband as trustee, "to be held, managed and controlled by him for his comfort and support during life, and for the comfort, support and education of the children," with power to "collect, receive and dispose of the rents, income and profits, in such manner as he may think best in carrying out the purposes of this trust;" discretionary powers of trustee, and rights of beneficiaries.*—Where the testatrix devised and bequeathed all her property to her husband, "in trust and as trustee, to be held, managed and controlled by him for his comfort and support during his life, and for the comfort, support and education of our children, giving him full and complete power and authority to collect, receive and dispose of the rents, income and profits, in such manner as he may think best in carrying out the purposes of this trust," and power to "improve the real estate, or to invest or re-invest the same as he may think best for the good of said estate and the parties interested in the same," with remainder to the children on his death; *held*, that the will did not confer on the trustee an arbitrary or capricious discretion, in the control and disposition of the rents, income and profits, but a reasonable discretion to be exercised in the interest of the children; that a court of equity would take jurisdiction of the trust at their instance, and would ascertain and appropriate to their use a reasonable part of the rents, income and profits; and that it was not necessary to allege or show that the debts against the estate had been paid, when the bill was filed eight years after the death of the testatrix, and the rents and profits received and appropriated by the executor were more than three times the amount of the debts.

Appeal from City Court of Birmingham, in equity.

Heard before the Hon. H. A. Sharpe.

The appellees, who were complainants in the court below, filed their bill of complaint, and prayed the court to construe the will of Cynthia A. McDonald, and to take jurisdiction of the trust created by the will and have the same administered in that court. The complainants also prayed that the said trustee be required to make a full statement of how he had administered the trust; that it be referred to the register to make and state an account showing how much rentals said trustee had collected and what lawful expenditures he had

[McDonald v. McDonald.]

paid out of such funds; and whatever surplus of the trust fund might be found to be in the hands of the trustee, or properly chargeable against him, should be decreed to be divided among the *cestuis que trust* under said will, in the proportion justly due them. Also, that the trustee be required to give bond for the proper administration of said trust, and that he be required to state an account, as trustee under the said will, at such regular periods as the court might direct.

The facts, as averred in said bill, with reference to the relation of the parties to this suit and the circumstances that led to the filing of the present bill are sufficiently shown in the opinion. The defendants demurred to the bill, and assigned the following grounds : (1.) That the facts and circumstances set forth in said bill do not show that the complainants are entitled to the relief they seek, or to any relief in the said court, or in any court; (2) that neither the bill nor the exhibits show that the complainants have any interest in the said rents, incomes and profits, until the death of the said trustee, except such as he may think best for their comfort, support and education ; and there is no averment that any of the rents, incomes or profits have been fraudulently disposed of by the trustee, or that he intends to fraudulently dispose of them; but, on the contrary, the said will gives the said trustee full discretion as to the disposition of the rents, incomes and profits, and leaves it to his discretion as to how much, and when any of them shall be donated to the support, and education of the children; (3.) That it appears from said bill that the trustee has donated such portion of the rents, incomes and profits as he thought best to the support, comfort and education of the children; (4.) That it appears from the bill that the said trustee has only exercised the discretion in the management, control and disposition of the rents, incomes and profits that was reposed in him by said will, and that he is not accountable to any one as to how he has discharged that duty, except for fraud, wilful neglect, or breach of duty, neither of which is alleged in the said bill of complaint; (5.) That there is no averment in the said bill showing that the debts and liabilities of the testatrix have all been paid and discharged, or that the children have not been educated and supported as the trustee thought best; (6.) That all of the propositions of the bill are inconsistent with the powers, duties and rights of the said trustee under the will of the testatrix.

Upon the submission of the case upon the demurrers, the court overruled each ground thereof. This appeal is prosecuted by the respondents, and the chancellor's decree in overruling the demurrers is assigned as error.

[McDonald v. McDonald.]

R. H. Pearson and J. M. Martin and Watts & Son, for appellants.—(1.) The facts and circumstances disclosed in the original bill and the exhibit thereto do not show that appellees are entitled to the special relief prayed for; nor to any relief whatever under the prayer for general relief. No constructive trust will be raised against the trustee.—*Penny v. Jackson*, 85 Ala. 70–71. (2.) Where the amount to be applied for the benefit of legatees is left to be fixed, at the discretion of the trustee, the legatees have no right to any more than the trustee, in his discretion, will allow. (3.) If the purpose of the gift of the income, rents and profits was for the benefit of the children, as well as the primary donee, said Wm. J. McDonald, Sr., and it is left entirely to the discretion of the trustee, as to the *quantum* of benefit to be communicated to the other legatees, the court will not assume jurisdiction to administer the trust, provided the discretion be honestly exercised.—*Lathrop v. Smalley's Ex'rs.*, 23 N. J. Eq. 192. (4.) The will of the testatrix does not create a trust in said Wm. J. McDonald, Sr., so far as the rents, incomes and profits are concerned; the expression therein of purpose or motive relative to the education and support of their children is merely precatory, and does not abridge the previous absolute gift to the primary donee, said Wm. J. McDonald, Sr.— *Wood v. Cox*, 1 Kee. 317; *Meredith v. Heneage*, 1 Sim. 542; *Johnston v. Rowlands*, 2 Deg. & S. 356; *House v. Barber*, 7 So. East Rep. 817; *Spiers v. Roberts*, 41 N. W. Rep. 841; *Rowland v. Rowland*, 6 So. East. Report. 902.

Lane & White, *contra.*—(1.) The general doctrine that *cestui que trust* may invoke the aid of chancery courts for the enforcement of trusts is well established.—*Andrews v. Hobson*, 23 Ala. 232; *Hill v. Jones*, 65 Ala. 221; *Colten v. Colten*, 127 U. S. 319. (2.) Courts will enforce the execution of trusts whenever the exercises thereof is invoked for fraud or misbehavior, or if the trustee declines to take the duty of exercising the administration, or when the administration is mischievously or recklessly exercised.—*Colten v. Colten*, 127 U. S. 319; *Russell v. Carter*, 62 Ala. 95; *Andrews v. Hobson*, 23 Ala. 219; *Proctor v. Proctor*, 141 Mass. 165. (3.) Under the provisions of said will, the trustee and the children share equally in the usufruct of the property without regard to their circumstances.—*Jones v. Foote*, 137 Mass. 543; *Proctor v. Proctor*, 141 Mass. 165; *Hill v. Jones*, 65 Ala. 221; *Colten v. Colten*, 127 U. S. 319.

WALKER, J.—Mrs. Cynthia A. McDonald died in Jeffer-

son county in this State in January, 1882. By her will she left all her property, real and personal, to her husband, W. J. McDonald, " in trust and as trustee, for the following purposes, that is to say, I give, devise, will and bequeath all of my said property unto my husband in trust and as trustee, to be held and managed and controlled by him for his comfort and support during his life, and for the comfort and support and education of the children of the body of the undersigned testatrix and said husband W. J. McDonald, giving my said husband full and complete authority and power to collect and receive and dispose of the rents, income and profits of my said property in such manner as he may think best in carrying out the purposes of this trust." The will gave to said W. J. McDonald as such trustee " full authority to improve the real estate, or to invest or to reinvest the same as he may think best for the good of said estate and the parties interested in the same." The will provided that none of said property, or any of the rents, income or profits arising therefrom, should be liable for, or in any manner appropriated to the payment of any debts or obligations of said W. J. McDonald contracted prior to the publication of said will. It was further provided by said will that upon the death of said husband and trustee all of said property shall be at once vested in and be equally divided between the children of the testatrix and her said husband, except the share of one of the sons, shall be vested in his wife. Said testatrix left surviving her five sons and two daughters, all of whom are still alive. At the time of their mother's death, all of them were over the age of twenty-one years, and none of them were at school except one son, who was then twenty years of age, and another son who was then twelve years of age.

The bill in this case was filed by three of the sons and one of the daughters against their father and their other brothers and sister. It alleges that the personal property left by said testatrix was of small value, but that she left certain real estate in the City of Birmingham which at the time of her death was of large value, and was then bringing in a handsome rental income, of not less than two hundred and twenty-five dollars per month; that said rental income has been growing steadily larger, and for the last three years said W. J. McDonald as trustee under the will, has collected rents from said real estate amounting to not less than eighteen thousand dollars over and above all legitimate expenses of the property, and that he is now receiving as rents from said real estate seven thousand five hundred and sixty dollars per annum, the rents being payable monthly. The bill alleges that, since the

death of the testatrix, said trustee has not contributed any-
thing to the support of the children of the testatrix, except
small sums, not exceeding in the aggregate one hundred and
fifty dollars furnished to the family of one of the sons who is
a defendant; and amounts not exceeding twelve hundred
dollars to one of the daughters who is a defendant, and board
and clothing of an inexpensive kind for a part of the time to
one son and to one daughter who are complainants; and an
amount not exceeding one hundred and fifty dollars to another
son who is a defendant; that said trustee has persistently re-
fused to contribute anything to the support or maintenance of
said children, except as above stated, and asserts that they are
entitled to no support out of said funds so long as he lives,
and he avers that he does not intend to improve said real
estate; that it brings in rent enough as it stands to suit his
own needs, and that this is all he cares for. The bill further
alleges that at the time of her death the testatrix owed but
few debts; that complainants are not advised of the exact
amount thereof, but state, on information and belief, that such
debts did not then exceed five thousand dollars; that after
making all reasonable allowance for such expenditures as said
trustee has legally made out of said trust funds, there should
remain in his hands at least fifteen thousand dollars for dis-
tribution among the legatees under said will; and that in
future, after making all just and proper allowances to said
trustee, there would be in his hands from said rentals a surplus
of at least five hundred dollars each month for distribution
according to the directions of the will. The bill prays, among
other things, that the court construe said will and take juris-
diction of the trust thereby created and have the same admin-
istered under its orders.

A principle question raised by the demurrers of W. J. Mc-
Donald, Sr., is, whether by the terms of the will he is vested
with such power over the rents, income and profits of said
property as, in the circumstances disclosed by the averments
of the bill, to preclude the exercise by the court of any super-
vision or control over his disposition thereof. In dealing with
the will of a decedent the court has two important functions
to perform; first, to ascertain the intention of the testator as
disclosed by the instrument; second, to require that the lawful
directions and dispositions so made by the decedent be carried
into effect. In this case, the intentions of the testatrix as to
the disposition of her property and the application of the
rents, issues and profits arising therefrom are not difficult of
ascertainment. In plain terms, the property is vested in the
husband during his life, to be held, managed and controlled by

[McDonald v. McDonald.]

him as trustee for his comfort and support, and for the comfort, support and education of the children of the testatrix. The intention to provide for the comfort and support of the children and to secure to them a participation in the beneficial enjoyment of the income from the property would not have been more plainly manifested if some person outside of the family had been named as trustee to hold the property during the life-time of the husband and to receive and dispose of the rents and profits for the comfort and support of the husband and children. If such had been the case, it would surely not be contended that the trustee may be allowed to exclude either the father or the children, or both, from the benefits of the trust. The mere fact that the trustee himself is one of the beneficiaries can not authorize him to ignore the other persons, provision for whom is equally within the purposes of the trust. It is contended, however, that the words in the will giving the husband authority and power to dispose of the rents, income and profits "in such a manner as he may think best," leave the matter absolutely to his determination and vest in him a discretion which may not in any manner be interfered with or controlled by the court; in other words, that he may deal with the property as if it was his own and unembarrassed by any trust obligation. A court of equity will never favor a construction that confers upon a trustee absolute and uncontrollable powers.—*Heydel v. Hurck*, 5 Mo. Ap. 274. Possibly such powers may be conferred upon a trustee, though thereby the anomaly would be presented of a private trust without enforceable rights in the *cestui que trust.* A duty of such imperfect obligation as to be wholly without the pale of judicial sanction is certainly much less than is imposed by language which peremptorily and without condition devotes property through the medium of a trust to the comfort and support of a class of persons and confers upon the trustee only a discretion in the application of the rents, income and profits "in carrying out the purposes of the trust." In this case the property is expressly given in trust; the purposes of the trust are the comfort and support of the husband and children and the education of the children. Whether or not the children shall have a beneficial interest in the property during the life-time of their father is not left to be determined by an act of his will. Their interests were secured to them by the testatrix. True, she vested her husband with a measure of discretion in the administration of the trust. The averments of the bill disclose him in the attitude of cutting off his children from the benefits of the trust and denying their right to have any part of the rents, income and profits applied toward

their comfort and support. As a protection from all judicial interference he, by his demurrers, invokes the clause of the will vesting him with a discretion. It is plain that it was far from the intention of the testatrix that the power vested in her husband to enable him the more readily to carry out her express directions should be used as a means of perverting her bounty from any of the objects thereof. And the court is not helpless to prevent such perversion. In *Taylor v. Harwell*, 65 Ala. 1, the testator devised certain property to Taylor in trust for William and Mary, and it was provided that the trustee "is to allow the said William and Mary, out of the profits of the said plantation, annually such sums of money as, in his discretion, may be right, share and share alike, for their support and maintenance according to their condition in life." The bill in the case was filed to subject the interest of William in the profits to the satisfaction of his debts. It was contended that the profits could not be reached because the amount which was allowable to him depended upon the discretion of the trustee which could not be controlled. In overruling this contention the court said: "Though it was contemplated he would be careful and prudent in expending the profits in the maintenance of Mary and William, upon them separately was conferred a clear, substantial right to support and maintenance which he could not disappoint; and if he had been refractory in the exercise of his discretion, a court of equity would have intervened for their relief." In the case of *Colton v. Colton*, 127 U. S. 300-320, there was a construction of a will whereby the testator gave and bequeathed to his wife all of his property and then provided, "I recommend to her the care and protection of my mother and sister, and request her to make such gift and provision for them as in her judgment will be best." The wife of the testator having failed to make any provision for his mother and sister, the court held that the provision of the will created a trust in their favor; and, in disposing of the objection that the court could not control the exercise of the discretion vested in the trustee, it was said: "That discretion does not involve the right to choose whether a provision shall be made or not; nor is there anything personal or arbitrary implied in it. It is to be the exercise of judgment directed to the care and protection of the beneficiaries by making such provision as will best secure that end. There is nothing in this left so vague and indefinite that it can not, by the usual process of the law, be reduced to certainty. Courts of common law constantly determine the reasonable value of property sold, where there is no agreement as to price, and the judge and jury are frequently called upon to adjudge what are

[McDonald v. McDonald.]

necessaries for an infant or reasonable maintenance for a deserted wife. The principles of equity and the machinery of its courts are still better adapted to such inquiries. In the exercise of their discretion over trusts and trustees, it is a fundamental maxim that no trust shall fail for want of a trustee, and where the trustee appointed neglects, refuses, or becomes incapable of executing the trust, the court itself in many cases will act as trustee." And it was held in that case that it was the duty of the court to ascertain after proper inquiry, and thereupon to determine and declare, what provision was suitable and best under the circumstances for the mother and sister of the testator, and all particulars and details for securing and paying it. The discretion which, by the terms of the will in this case, was vested in W. J. McDonald would not be interfered with or controlled by the court so long as it is honestly and reasonably exercised by him. But the will does not confer an arbitrary or capricious authority. If it appears from the conduct of the trustee that he is disposing of the rents, income and profits, not in carrying out the purposes of the trust, but in selfish disregard of the claims of other beneficiaries, so that the design of the testatrix is defeated, then it is the duty of the court to interfere.—*Constabadie v. Constabadie,* 6 Hare 410; *Milsington v. Mulgrave,* 3 Maddock 491; *Tempest v. Lord,* Camoys 21 L. R. Ch. Div. 571; *Pulpress v. African M. E. Church,* 48 Pa. St. 204; *Proctor v. Scharpff,* 80 Ala. 227. 1 Lewin on Trusts, (Flint's Ed.) p. 615; Flint on Trusts, § 214; 2 Perry on Trusts, (3d Ed.), § 511 a. And if the discretion vested in the trustee is mischievously or ruinously exercised, or, so far as concerns the comfort and support of the children, is practically not exercised at all, the court may provide for the administration of the trust under its own orders, ascertain the extent of the children's share of the rents, income and profits, and secure the proper appropriation thereof.—*Davey v. Ward,* 7 L. R. Ch. Div. 754; *Thorp v. Owen,* 2 Hare, 607; *In re* Roper's Trusts, 11 L. R. Ch. Div. 272; *Raikes v. Ward,* 1 Hare 445; *Conolly v. Farrell,* 8 Beavan 347; *Walker v. Shore,* 19 Vesey, Jr. 387; *Brown v. Higgs,* 8 Vesey Jr. 561. The foregoing rules are necessary to the due maintenance of the principle that a trust of this character may not be defeated by the negligence or wilful default of the trustee. The will of Mrs. McDonald shows that she intended that her children should share in the enjoyment of the income from her property. The bill shows that since her death the annual income has grown from less than three thousand dollars to more than seven thousand five hundred dollars, that, notwithstanding this large increase of

[Thompson v. Thompson.]

the means of carrying out the provisions of the will, the trustee has wholly failed and refused to allow some of the intended beneficiaries any share at all from the income, has appropriated only a very small portion of the net receipts toward the comfort or support of any of the children, and wholly denies their claim of right to participate in the beneficial enjoyment of the property, saying that it brings in enough for his needs and that is all he cares for. The practical repudiation of his duties by the trustee and his failure to exercise reasonably and in good faith the discretion vested in him by the will would not have been brought out in a clearer light by the application of the epithet fraudulent in the characterization of his conduct or by the statement of the conclusion, obviously deducible from the facts alleged, that the claim on his part that he has allowed his children what he thought best for them is a mere pretense and an evasion of the purposes of the trust. The failure to allege that the trustee did not really think that it was best for his children that he should ignore his trust obligation in their behalf is not a demurrable defect in the bill.

The bill was filed eight years after the death of the testatrix. It is shown that the debts against the estate did not exceed five thousand dollars; that the trustee has received in rents several times more than the debts amounted to, and that the present annual income from the property in his hands is more than the aggregate of the debts. Where the assets are so largely in excess of the indebtedness, it is not in the power of the creditors, by unnecessarily delaying the collection of their claims, or of the trustee, by a failure to meet obligations which he is amply able to discharge, to indefinitely postpone the assertion by the beneficiaries of their interest of the property. In the circumstances disclosed by the bill it was not incumbent on complainants to show that the debts have been paid.

The foregoing considerations dispose of the several grounds of demurrer. The city court did not err in overruling them.

Affirmed.