# Berger, *et al. v.* Butler.

*Bill to Construe a Trust Deed and to Quiet Title.*

(Decided Feb. 4, 1909.   48 South. 685.)

1. *Trusts; Construction; Equity; Jurisdiction.*—The construction of a deed of trust is, both by the common law and by the statute, a proper subject of equity jurisdiction.

2. *Quieting Title; Equity Jurisdiction.*—By the statute a bill to quiet title is a proper subject of cognizance in equity. .

3. *Equity; Bill; Multifariousness.*—Where it was necessary to construe a deed of trust in order to quiet title, and such reliefs were necessary to each other their joinder did not render the bill multifarious.

4. *Quieting Title; Bill; Uarties.*—All parties interested in the subject matter of a bill to construe a deed of trust and to quiet title are proper parties; and it is immaterial whether they are complainants or respondents, so long as the court acquires jurisdiction of them.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by D. B. Butler, as trustee, against L. Berger and others, to construe a deed and quiet title. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

The bill avers that on the 9th day of April, 1903, Mary Tolliver executed and delivered to plaintiff, as trustee, an instrument in writing purporting to convey to complainant, as trustee for certain beneficiaries named therein all of her property, both real and personal, copy of which is made an exhibit to the bill; that complainant filed said instrument for record, and said instrument was duly recorded. Then follows an allegation that Mary Tolliver, at the time of the execution of said instrument, owned in her own right and was in possession of certain lots and parcels of land set out in the bill. It is then alleged that after the execution of said instru-

[Berger, et al. v. Butler.]

ment the complainant took possession of said property as trustee under said instrument, and that he has continuously remanded in possession of the same up to the filing of this bill, and that he has continuously remained in possession of the same as such trustee, and is now in possession of the same, and that none of the same has ever been sold or disposed of by the complainant. It is then averred that Mary Tolliver died on the ———day of February, 1908. It is then averred that since the execution of said instrument, and both prior to and since the death of Mary Tolliver, he has received and collected the rent of said property, and that said rent has been applied by complainant to the maintenance and support of said Mary Tolliver, and to the maintenance of said property under the authority and direction of said instrument, and that there is no personal property of said estate, and no personal property has come into his hands. It is then alleged that the beneficiaries named in the instrument are insisting that complainant carry out and administer the trust therein created, to sell said real estate and to distribute the funds as directed by the said instrument; but complainant avers that he is unable to carry out said trust and sell said property as directed by said instrument, for the reason that parties other than complainant and the beneficiaries named claim and assert title and ownership in said property. Then follows an averment of the persons who claim some right, title, or interest in the property; and the persons claiming, the lands claimed, and the title by which they are claimed is set out, and it is asserted that the deed executed by Mary Tolliver to complainant, which is made an exhibit to the bill, was not a deed, but only a power of attorney, revocable at the pleasure of the said Mary Tolliver, and the said instrument conveyed no title to said property, and that the same was revoked and annulled by the said

Mary Tolliver by the execution by her of said instruments purporting to convey such property to certain respondents, naming them. It is then averred that if the deed to complainant as trustee is a deed, and conveyed title to all of the above-described property, then the subsequent instruments executed by Mary Tolliver and purporting to convey title to the various respondents to the various parcels of land named are null and void, and pass no title to respondents, or either of them, and that said conveyances under which said respondents claim title are a cloud on complainant's trustee, and that by reason thereof complainant is unable to sell said property and administer said estate. The prayer is that the court will decree and adjudge the nature and legal effect of the instrument executed by Mary Tolliver to complainant as trustee on April 9, 1903, and if it be determined that it be a deed, and conveys the property therein described to complainant as trustee, then that the court will direct said respondents to set forth and specify separately and severally their title, claim, interest, or incumbrance on said property, and how and by what instruments the same are derived and created, etc., and that such instruments be declared null and void, and a cloud on complainant, and for general relief. The decloud on the title of complainant, and for general relief. The demurrers attack the bill for that it is filed to compel respondents to propound their title to the lands described, and to quiet title thereto between the parties, but it is not averred that complainant claims to own said lands either in his own right or as personal representative or guardian of others; that it is multifarious, in that it seeks to quiet title to various parcels of land claimed by various respondents separately and severally, and because it joins defendants who are not shown

to have a community of interests in any one material subject-matter.

KENNEDY & BALLARD, and TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. To justify a joinder defendants must have a community of interest in at least some one material subject matter.—16 Cyc. 194. Any bill to remove cloud must allege actual possession and that possession must not be obtained wrongfully.—*Treadwell v. Tolbert*, 32 South. 126; *Tarwater v. Going*, 37 South. 330.

R. B. SMYER, for appellee. No brief Came to the Reporter.

MAYFIELD, J.—This is an appeal from the decree of the chancellor overruling demurrers to the bill. The bill was filed by a trustee, praying the court to construe the deed of trust conveying or attempting to convey to him, as trustee, certain real estate, and to quiet title to the lands conveyed therein. The beneficiaries under the trust deed, and those claiming or asserting title to respective parts of the lands conveyed, are all made respondents to the bill. The grounds of demurrer insisted upon are multifariousness, misjoinder of respondents, and failure to allege or assert such title to the lands or possession therein as will support the action under the statute to quit title; and the insistence as to these is very brief and very gentle.

One of the objects of the bill is to construe a deed of trust, which clearly gives equity jurisdiction, at common law and by statute; the other, to quiet title, is clearly of equitable cognizance given by statute in this state. The bill conforms to the law and practice, both at common law and by statute, pertaining to such proceedings in

the chancery courts. One of the reliefs is clearly inci-
dental and necessary to the other. All parties interested
in the subject-matter of a suit in chancery are proper
parties, and it is often immaterial whether they appear
as complainants or as respondents, so they are before the
court. They were all made parties here. The fact that
the various claimants to parts of the lands conveyed by
the trust deed claimed title to separate and district parts
and not jointly, does not prevent joining all of them as
respondents. They all claimed a part of the lands con-
veyed by the trust deed, which alone would authorize
the joining of them as respondents to this action. The
bill practically follows the statute as to the character of
title and possession which a complainant must have to
maintain a bill to quiet title under the statute.

The demurrers were properly overruled, and the de-
cree must be affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., con-
cur.