# Ashurst, *et al. v.* Ashurst.

*Bill to Remove Estate from Probate to Chancery Court.*

(Decided January 9, 1912. 57 South. 442.)

1. *Appeal and Error; Who May Allege.*—Where a respondent demurs to an original bill and files a cross bill to which demurrers are interposed. such respondent cannot on an appeal from a decree overruling both demurrers complain of the overruling of the demurrers to his cross bill.

2. *Same; Questions Reviewable.*—Where the appeal is from the overruling of the demurrer to a bill to remove the administration of an estate from the probate to the chancery court for the purpose of construing a will and administering the trust therein

provided for, the will cannot be construed, the only question for review being the propriety of the action of the lower court in overruling the demurrer; the jurisdiction of this court being wholly appellate and the chancellor being unable to construe the will until he had acquired jurisdiction, which was not given by the mere filing of the bill.

3. *Estates; Removal; Bill.*—Where a bill is filed to remove the settlement and administration of an estate from the probate to the chancery court for the purpose of construing a will and administering a trust, the mere filing of the bill did not remove the proceeding from one court to the other, but only authorized the chancery court, if the bill was sufficient, to order the removal of such proceeding, and hence, the court was not entitled to construe the will on demurrer to the bill.

4. *Same; Grounds.*—Where the assistance of the chancery court is necessary to construe a will and administer the trust therein provided for, this is sufficient grounds to authorize the removal of the administration of the estate from the probate to the chancery court.

5. *Equity; Jurisdiction; Grounds.*—Equity jurisdiction is extraordinary, and matters cognizable at law are not the subject of equity jurisdiction except when such tribunals are inadequate to grant full and complete relief.

APPEAL from Tallapoosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Gilley D. Ashurst as executrix against Harry G. Ashurst, co-executor, and others, to remove the settlement and administration of an estate from the probate to the chancery court, in which respondents file a cross bill. From a decree overruling demurrers to the original and cross bills, respondents appeal. Affirmed.

JAMES W. STROTHER, for appellant. The court of equity will not take jurisdiction to remove an administration from the probate to the chancery court on bill filed by personal representatives unless there is special reasons therefor.—*McNeal v. McNeal*, 36 Ala. 101; *Glenn v. Billingsley*, 64 Ala. 345; *Newsome v. Thornton*, 66 Ala. 311; *Harlan v. Persons*, 93 Ala. 273; *Stovall v. Clay*, 108 Ala. 105. A court of equity will not entertain a bill which seeks only a judicial construction of

[Ashurst, et al. v. Ashurst.]

a disputed stipulation, no element of trust appearing.—
*Lakeview M. & M. Co. v. Harmon,* 93 Ala. 87; *Sellers
v. Sellers,* 35 Ala. 235. Counsel discusses the proper
construction to be given to the will here involved with
citation of authority in support of his contentions, but
in view of the opinion, it is not deemed necessary to
here set them out.

THETFORD & McKENZIE, for appellee. There is no
question about the jurisdiction of the court.—*Trotter
v. Blocker,* 9 Port. 269; *Harrison v. Harrison,* 9 Ala.
479; *Sellers v. Sellers,* 35 Ala. 240; *Cowles v. Pollard,*
51 Ala. 447; *Carrol v. Richardson,* 87 Ala. 605. The
bill is not a contest of the will.—Authorities supra, and
*Lyons v. Bradley,* 168 Ala. 505. Complainant can
maintain a bill against a co-executor.—17 A. & E. Enc.
of Law, 632. Counsel discuss the proper construction
of the will and cite some authorities to show that the
court should construe it on this appeal, but in view
of the opinion it is not deemed necessary to set them
out.

MAYFIELD, J.—The bill in this case is filed by an
executrix to remove the settlement and administration
of the estate of her testator from the probate to the
chancery court. The special ground alleged for the
removal is to obtain the aid and assistance of the chan-
cery court in the construction of the will, and in the
administration of the trusts necessary to a proper set-
tlement of the estate. The respondents, some of whom
are co-executors and devisees, demurred to the bill,
which demurrer was overruled. The bill was subse-
quently amended, however, and the demurrer was in-
terposed to the amended bill. An answer was also
filed, which was made a cross-bill, and to this answer
and cross-bill demurrers were interposed.

[Ashurst, et al. v. Ashurst.]

The cause was submitted to the chancellor on demurrers only to the amended bill and to the cross-bill; and from the interlocutory decree overruling the demurrers the respondents prosecute this appeal. Of course, respondents cannot and do not complain of the overruling of the demurrer to the cross-bill.

It is earnestly insisted on this appeal by both appellants and appellee that we should so far construe the will in question as to determine whether certain clauses therein are valid or void. We cannot accede to the correctness of this proposition. Our jurisditcion in this instance is appellate only, for the purpose of reviewing the correctness of the interlocutory decree of the chancellor from which the appeal is taken. The chancellor has not yet passed upon the merits of the case; nor can we act on this appeal further than to affirm or overrule the decree rendered by him. If we affirm the decree of the chancellor overruling the demurrer, then the case will proceed on its merits and the chancellor will have to construe the will; and on an appeal from a decree construing the will, or settling the rights of the parties thereunder, we could review such decree, and, if necessary, construe the will. But we cannot construe the will on this special appeal, and any attempt to do so would not be binding on us nor the parties. The demurrers to the amended bill, at most, merely tested the sufficiency of the averments of the bill as amended. The chancellor decree1 only that the demurrer was not well taken, and that it was overruled. We fully concur with the chancellor, and must therefore affirm his decree.

The chancellor on that hearing was not authorized nor called upon to construe the will, but only to construe the bill. The main, if not the sole, equity of the bill, was to obtain a construction of the will by the

chancellor. This he cannot do until he acquires jurisdiction only by the filing of a bill sufficient to confer it. The only decree so far rendered was one which, in effect, held that the bill filed was sufficient to confer jurisdiction to remove the settlement and proceedings from the probate to the chancery court. Until the proceedings are so removed, or, at least, are by a proper decree or order authorized to be removed, the chancellor has no authority to construe the will nor to authorize any proceedings in the administration of the estate. The mere filing of the bill does not remove the proceedings from the probate to the chancery court. The bill, if sufficient, merely authorizes the chancellor to order or decree the removal; and, until he does so order or decree, the matter is still in the probate court, and not in the chancery court. Thus far, in this case, there has been no order or decree of removal of the administration from the probate to the chancery court, and, until such removal order or decree is had, the chancellor cannot construe the will except in so far as it may be necessary to pass upon the equity or the sufficiency of the bill. To this extent, and for this purpose only, we will construe the will on this appeal.

In nearly all equity cases a preliminary inquiry is first to be made: Has the court jurisdiction? Is the bill or petition sufficient to authorize equitable interposition and relief? The interposition of chancery is extraordinary, and can be obtained only when the ordinary tribunals are inadequate to full and complete relief.

In the case before us the complaint sets out the will or parts thereof, and alleges that parts of the will are involved, complicated, and that complainant is advised that parts thereof are void, and that for this reason she seeks the advice of the chancery court as to the proper

·construction of the will, and to the end that she may properly administer the trust imposed on her. As was said by this court, in the early case of *Trotter v. Blocker*, 6 Port. 269, 290: "Applications of this kind are neither novel nor unusual. It is the peculiar office of chancery to compel the performance of trusts, where trustees are either perverse or negligent. So, on the other hand, it will assist and protect trustees, in the performance of trusts, whenever they seek the aid and direction of the court, as to the establishment, management, or execution of them. This case comes clearly within the principle here stated. The bequests of the will are trusts imposed upon the executor or administrator, cum testamento annexo, and whether they are valid, and how to be performed, are questions on which the aid of the court is asked." In *Lake View Co. v. Hannon*, 93 Ala. 88, 89, 9 South. 539, STONE, C. J., quotes the rule as follows: "In 2 Pom. Eq. § 1064, it is said: 'Whenever there is any bona fide doubt as to the true meaning and intent of provisions of the instrument creating the trust, or as to the particular course which he ought to pursue, the trustee is always entitled to maintain a suit in equity, at the expense of the trust estate, and obtain a judicial construction of the instrument, and directions as to his own conduct.— 1 Pom. Eq. § 352 and note; 3 Id. § 1156; 2 Sto. Eq. Ju. § 1065 et seq. In *Bowers v. Smith*, 10 Paige (N. Y.) 193, Chancellor Walworth employed this language: 'But I am not aware of any case in which an heir at law of a testator, or a devisee, who claims a mere legal estate in the real property, where there was no trust, has been allowed to come into a court of equity for the mere purpose of obtaining a judicial construction of the provisions of the will. On the contrary, the decision of such legal questions belongs exclusively to the courts

of law, except where they arise incidentally in this court in the exercise of its legitimate powers, or where the court has obtained jurisdiction of the case for some other purpose.' In *Bailey v. Briggs,* 56 N. Y. 407, the court, Folger, J., delivering the opinion, said: "It is when the court is moved in behalf of an executor, trustee, or cestui que trust, and to secure a correct administration of the power conferred by a will, that jurisdiction is had to give a construction to a doubtful or disputed clause in a will.' " Bills for this purpose have often been entertained, to the sole end of construing certain items of wills. Such bill was that in the case of *Tompkins v. Troy,* 130 Ala. 555, 30 South. 512. What was said by STONE, C. J., in the case of *Carroll v. Richardson,* 87 Ala. 605, 610, 6 South. 343 (a case much like this, and an appeal from a decree on demurrer), is, we think, conclusive of the correctness of our holding in this case. It is there said: "We hold that this bill, in each of its aspects, contains equity. The will itself, including the codicil, presents several questions of disputable solution, on which different legal minds might well differ. And it is shown that Mrs. Rothenhoffer and Carroll differ in the interpretation of the will in the assertion of the interests they severally claim thereunder. And the question may arise whether the codicil does not create a precatory trust in favor of Mrs. Kelly and Mrs. Carroll; and, on the other hand, whether the language is not too uncetrain to authorize relief.—*Jones v. McPhillips,* 82 Ala. 102, 2 South. 468; 3 Pom. Eq. §§ 1156, 1157; *McRee v. Means,* 34 Ala. 349; *Hollingsworth v. Hollingsworth,* 65 Ala. 321; *Cowles v. Pollard,* 51 Ala. 445. It is not our intention to express or intimate any opinion as to the proper interpretation of any clause of the will. The question of rightful interpretation, of rightful directions, is not

before us. The chancellor has declared no interpretation, and has given no directions. He has simply decided that the bill makes a case calling for interpretation and direction, and from that decretal order the present appeal is prosecuted. There is no error in his rulings."

We conclude that the chancellor correctly overruled the demurrer to the amended bill; and that, for the reasons before assigned, the bill contains equity.

Affirmed. All the Justices concur, save DOWDELL, C. J., not sitting.