(94 South. 566)

### COKER v. COKER. (7 Div. 259.)

(Supreme Court of Alabama. Oct. 26, 1922.)

**1. Homestead ⊙136—Widow's homestead not barred by administrator's attempted disposition of land.**

The right of a widow to her statutory right of exemption cannot be barred by attempted disposition of testator's lands.

**2. Homestead ⊙150(1)—Widow's application not required to contain description of property.**

Code 1907, § 4209, under which proceeding for widow's homestead is authorized, not requiring that her application shall contain a description of the property, no description is necessary.

**3. Constitutional law ⊙80(2) — Allotting homestead by commissioner not exercise of objectional judicial power.**

The requirement of Code 1907, § 4208, that a widow's homestead be allotted out of decedent's lands by commissioners of the court's appointment who appraise it in the manner required of appraisers, and, if practicable, allot and set off the homestead exemption in the manner provided, involves the exercise by the commissioners of no objectionable judicial power.

**4. Homestead ⊙150(1)—Residence of widow's guardian not subject of inquiry in proceeding to allot.**

In a proceeding to allot a widow's homestead, the residence of her guardian in a different county cannot be made the subject of inquiry.

**5. Homestead ⊙145—Commitment of insane wife in asylum in foreign state not forfeiture of.**

Where a wife became insane while visiting with her husband in a foreign state, and was committed to an asylum for the insane maintained by that state, where she has since remained a hopeless lunatic, such fact did not cause a forfeiture of her right of homestead in property of her deceased husband.

**6. Trusts ⊙287—Facts showed entire perversion of trust justifying court's interference.**

While it is true in general that courts will not interfere with the exercise of discretionary powers conferred on a trustee, where testator provided for the maintenance of his widow, who was confined in an insane asylum in a foreign state, and that the executors should deter-

---

⊙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

mine what constituted such proper maintenance, and the trustee made no provision for her, but left her to be maintained at the expense of another state in one of its charitable institutions, there was such total perversion of the trust as justified its administration under orders of the court.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Petition of Mabel Gay Coker, by her guardian, for assignment of homestead and personal property. From a decree granting relief, W. H. Coker, executor, appeals. Affirmed.

See, also, ante, p. 239, 94 South. 308.

Hugh Reed, of Center, for appellant.

The petition is defective in failing to aver that decedent at the time of his death occupied any lands as a homestead, or that any lands he owned entitled him to a homestead therein. Code 1907, §§ 4207, 4208. The petitioner being incurably insane, and incapable of receiving or accepting the benefits of exemptions, such exemptions cannot be legally allowed. 76 Ala. 521. What is a just and proper allowance to or for the beneficiary is dependent upon the circumstances and the necessary demands of the beneficiary. 199 Ala. 701. If the husband has not a homestead in this state, the wife cannot claim the privilege thereof. 201 Ala. 112, 77 South. 406; 86 Ala. 349, 5 South. 679, 11 Am. St. Rep. 41.

Hood & Murphree, of Gadsden, for appellee.

The testator could not bar the widow's exemption of homestead and personal property by an attempted disposition of the property by will. 84 Ala. 64, 4 South. 189. Even though no lands of the decedent were impressed with the character of homestead, the widow is nevertheless entitled to have homestead out of any lands, or to have land sold and $2,000 of the proceeds applied to the purchase of a homestead. Code 1907, § 4197.

SAYRE, J. Pending the settlement of the estate of John W. Coker, deceased, on the equity side of the circuit court of Cherokee county, the guardian of his widow filed a petition, praying that homestead be assigned to her, and that appellant, as executor of the last will and testament of deceased, be required out of the funds of the estate to make provision for her support and maintenance. A copy of the will, duly probated, was exhibited with the petition.

[1-3] It is urged as an objection to the petition and the relief sought that there is no description of lands out of which homestead is to be assigned, save that they are situated in Cherokee county, where deceased resided at and before the time of his death. Testator died seized and possessed of a large estate, including 2,000 acres of land in the county, all of which lands the executor has sold or contracted to sell. We presume in favor of the executor that such sale has been made, or is to be made, in pursuance of the power of sale conferred upon him, to be exercised when the appointed time should arrive for a division of testator's property among the beneficiaries named in the will. But that disposition, or attempted disposition, of the lands of testator, cannot bar the widow of her statutory right of exemption. Bell v. Bell, 84 Ala. 64, 4 South. 189. The proceeding for homestead is prosecuted under section 4209 of the Code, providing that the probate court—in this case the circuit court to which the administration has been removed—shall appoint commissioners to allot homestead. The statute contains no requirement that the widow's application shall contain a description of the property, and we apprehend there can be no necessity for such description. The homestead is to be alloted out of the lands of deceased by commissioners of the court's appointment, who shall "appraise the homestead in the manner required of the appraisers; and, if practicable, they shall also allot and set off the homestead exemption in the manner provided" in section 4208. This, we think, involves the exercise by the commissioners of no objectionable judicial power— at least they determine no disputed questions of title.

[4] Nor does it matter that petitioner guardian lived in a county different from that of the residence of his ward. His appointment was within the power of the appointing court. His residence in a different county was a consideration to be weighed in his appointment, but it cannot be made the subject of inquiry in this proceeding. Speight v. Knight, 11 Ala. 461; 21 Cyc. 37. In this connection see Cogburn v. McQueen, 46 Ala. 551; Ragland v. King, 37 Ala. 80.

[5] Appellee's ward formerly resided with testator, her husband, in Cherokee county. Some years before testator's death he and his wife went on a visit to the state of Florida. While there Mrs. Coker became insane, and was committed to the asylum for the insane maintained by that state, where she has since remained a hopeless lunatic. These facts do not suffice to cause a forfeiture of her right of homestead in this state. Lewis v. Lewis, 201 Ala. 112, 77 South. 406; Chamboredon v. Fayet, 176 Ala. 216, 57 South. 845; Johns v. Cannon, 199 Ala. 138, 74 South. 42.

[6] Testator provided by his will for the maintenance of his widow. The language of the will at one place, after imposing on his executors—appellant is the sole surviving executor—the duty of providing, out of the rents, income, and profits of his estate,

ample, suitable, and proper maintenance, is that—

"The said executors are empowered and fully authorized to determine what constitutes such ample, suitable and proper maintenance."

It was also provided that, in the event other named executors should die, the trust created by the will should be executed by the survivor—appellant, as it happens—who was invested with all the powers and obligations imposed upon the three executors named. Appellant contends that the court had no authority by its decree to disturb the provisions made by the executor in the exercise of the discretion thus vested in him.

It is true in general that the court will not interfere with the exercise of discretionary powers conferred upon a trustee. But in this case something depends upon the proper construction of the trust, and the court will not favor a construction which would confer an arbitrary or capricious authority. McDonald v. McDonald, 92 Ala. 537, 9 South. 195. Testator, very clearly, intended that his widow should have ample, suitable, and proper maintenance. The discretion left in the trustee was a reasonable discretion, whereas it appears that the trustee has administered the trust wholly without regard to the claims of the designated beneficiary, or rather perhaps it would be more correct to say that he has exercised no discretion whatever. Appellee's ward is maintained at the expense of the state of Florida in one of its charitable institutions. The necessary inference from the evidence is that not one penny of the large estate left by testator has been devoted to her care or comfort. These facts disclose a total perversion of the trust; a complete abandonment of the purposes for which it was created; and in such case the court will provide for the administration of the trust under its own orders, will ascertain the amount necessary to an ample, suitable, and proper maintenance of appellee's ward according to the true intent of the trust, and secure the proper execution thereof. McDonald v. McDonald, supra.

Appellee's ward was confined in the lunatic asylum when testator made provision for her maintenance after his death. Testator's opinion as to the proper amount of the fund is shown by the provision of his will requiring his executors, when testator's grandchild Ruth Coker should become of age, or sooner in the event of her death, to set apart the sum of $5,000, to be put at interest for the support and maintenance of his wife. Such is the provision made by the decree of the circuit court. This court is not informed whether Ruth Coker has died or has become of age, but, without regard to that, the necessity of the case authorizes and requires the setting apart of the fund out of the in-

come from which appellee's ward may be cared for.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.