182 So. 16

**MINOR et al. v. THOMASSON.**

**6 Div. 243.**

Supreme Court of Alabama.

June 9, 1938.

Smyer, Smyer & Bainbridge, of Birmingham, for appellants.

Horace C. Wilkinson and J. B. Ivey, both of Birmingham, for appellee.

248

**BROWN, Justice.**

■ The appeal is from an interlocutory decree overruling the "demurrer as amended, as to each respondent separate and severally," and the citation and certificate of appeal are to the effect "that *the Respondents* in a cause pending in said Court, wherein Erma W. Thomasson is the complainant, and Hattie E. Minor, et al., are the Respondents, have taken an appeal from the decree." Moreover all the respondents join in the appeal and the assignment of errors is without severance, or leave of severance. Therefore, only assignments of error affecting the right and interest of all the appellants will be considered. (Italics supplied.) New Morgan County Building & Loan Ass'n v. Plemmons, 210 Ala. 286, 98 So. 12; Davis et al. v. Williams et al., 121 Ala. 542, 25 So. 704; Niehaus & Co. et al. v. Cooke, 134 Ala. 223, 32 So. 728; Cleveland v. Alba, 155 Ala. 468, 46 So. 757; Home Guano Co. v. State ex rel. Pike, 193 Ala. 548, 69 So. 419; Shelby Iron Co. v. Morrow, 209 Ala. 116, 95 So. 370.

The bill is filed by the appellee as one of the devisees under the will of J. W. Minor, deceased, against the other devisees and the Birmingham Trust & Savings Company, as executor under said will, appointed by the Probate Court of Jefferson County.

The bill seeks an accounting from all the respondents; the construction of the will; the termination of the trust; a distribution of the corpus of the estate in accordance with the terms of the will; an order restraining the executor, "from further depleting profits and/or corpus of said trust estate * * * for a removal of the executor, and said active trustee;" for an ascertainment of the sum due to the complainant from each of the defendants, and for general relief.

There is an absence of averment in the bill as to the status of the administration in the Probate Court of Jefferson County, and the bill does not seek the removal of the administration from the Probate Court to the Circuit Court, in Equity.

■■ Therefore, if it be assumed that the will imposed on the widow as trustee, and the Trust Company, a personal trust, not cognizable by the Probate Court, this fact did not deprive that court of jurisdiction to compel the executor to account annually or to make final settlement of the estate, and if for any reason such personal trust had terminated, the Probate Court, as an incident to its general jurisdiction conferred by § 9579 and § 5900 (Amended by Gen.Acts 1931, p. 838), was competent to ascertain and adjudicate that such personal trust had terminated. Burch et al. v. Gaston, Judge, 182 Ala. 467, 62 So. 508; Savage v. Benham, 11 Ala. 49; Courson v. Tollison, 226 Ala. 530, 533, 147 So. 635. The Probate Court, for cause, had the power and authority to revoke the letters testamentary issued to the trust company as executor. Black et al. v. Morgan et al., 227 Ala. 327, 149 So. 845.

■■ Construing the averments of the bill most strongly against the pleader, as must be done on demurrer, they are subject to the implication or intendment that the administration is still pending in the Probate Court, and it is not permissible for two courts to entertain and exercise jurisdiction over the same subject matter at the same time, though they be courts of concurrent jurisdiction. Gay, Hardie & Co. v. Brierfield Coal & Iron Co., 94 Ala. 303, 11 So. 353, 16 L.R.A. 564, 33 Am.St.Rep. 122; Swope v. Swope, 173 Ala. 157, 55 So. 418, Ann.Cas.1914A, 937.

■ The authority of the court of equity to construe the will depended upon its ju-

risdiction over the trust estate which could be acquired only by a removal of the administration to that court. Ashurst et al. v. Ashurst, 175 Ala. 667, 57 So. 442; Upshaw v. Eubank et al., 227 Ala. 653, 151 So. 837.

The bill is interlarded with what might be termed the interloping disjunctive-conjunctive-conjunctive - disjunctive conjunction "and/or" and its use certainly does not clarify and make certain the averments of the bill. It renders the averments of the bill prolix, equivocal and uncertain in violation of the statute and the rules of good pleading.

The statute requires that, "The bill must contain a clear and orderly statement of the facts on which the suit is founded, without prolixity or repetition," Code 1923, § 6525, and the rules of good pleading require that the facts must be pleaded with certainty to a common intent. Clay County Abstract Co. v. McKay, 226 Ala. 394, 147 So. 407.

Grounds 14, 15, 23, 24, 36 and 43, of the demurrer, and probably others were well taken. The circuit court therefore erred in overruling the demurrer to the bill, and for this error the decree is reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.