17 So.2d 529

**GILMER v. GILMER et al.**

2 Div. 196.

Supreme Court of Alabama.

April 13, 1944.

Pettus & Fuller, of Selma, for appellant.

Wilkinson & Wilkinson, of Selma, and Hill, Hill, Whiting & Rives, of Montgomery, for appellees.

452

FOSTER, Justice.

This is a bill in equity by certain alleged beneficiaries in a testamentary trust, and seeks to have the court take jurisdiction to supervise and control the administration of the trust, to construe the will insofar as their interests appear, and to define and declare the rights, powers and duties of the trustee, and the scope of the discretion vested in him by the will, and to have the interest of complainants in the income declared and distributed. The trustee individually and officially is made respondent. His demurrer was overruled, and he appeals, with that ruling as the only assignment of error.

The demurrer is direct and raises questions as follows: (1) That no demand for an accounting is alleged; (2) fails to make parties persons (not named in the bill or shown to exist) who might take the residue on the death of the successive trustees; (3) no cause is given for the construction of the will; (4) the will relieves the trustee from accounting; (5) the will prohibits complainants from questioning the amount of compensation of the trustee or his living expense; (6) the bill shows no fraud or mismanagement by the trustee; (7) or that he has exceeded the power conferred in him; and (8) that under the will the trustee took a fee simple interest in the property.

The first two grounds of the demurrer are not argued by appellant in brief, and need no discussion by us.

All the other grounds seem to go to the contention that complainants do not show a right to have the will construed, or to any relief, because of the plain terms used in it which need no construction, and because it seeks to controvert rather than to effectuate its provisions, and because it alleges no abuse or mismanagement of the trust; and that complainants have no rights under the will, since the respondent takes the entire fee.

The will purports to create an express trust: item 2 of which is as follows: "All the rest and residue of my property, real, personal and mixed, of every kind and description, together with choses in action, I do hereby give, devise and bequeath to my husband, Eugene T. Gilmer, a trustee, for the use and benefit of himself and James M. Gilmer, Eugenia F. Gilmer, Harris Lewis Gilmer, Beatrice F. Gilmer and Marion Donald Gilmer, the children of William J. Gilmer and his wife Ada L. Gilmer, now deceased. That said trustee shall have full power and authority, without any order of court, to sell, mortgage, lease, exchange or otherwise dispose of any of my real estate, personal property or choses in action, and may convey the legal title to the same by deed or other instrument signed by him as trustee. That said trustee is further authorized to continue any business that I may be engaged in at the time of my death, as such trustee, and my estate and all property left by me will be responsible for the acts of such trustee in conducting said business. That said trustee is also authorized to borrow money and pledge the real estate, personal property or choses in action as security for any debts he may contract in his representative capacity, and he may compromise any claims or debts in my favor or against my estate, and may exercise any other rights or privileges in

connection with the property so devised to him as trustee that I could exercise in my life time. That said trustee shall not be required to file any inventory of the property of my estate or to account to any court for his acts as trustee, and he shall receive as compensation for acting as trustee any sum that in his judgment he may deem proper, and the beneficiaries shall have no rights to question in any way the amount of compensation received by the trustee, nor is said trustee chargeable with waste, mismanagement, negligence, mistake of judgment, or fraud, in connection with the management of said estate. Said trustee shall also receive from said estate such part of the income thereof as may be necessary in his judgment for the support of himself and (his) (The parties agree in brief that 'his' appears in the original at this place and was inadvertently omitted.) children. That said trust estate shall continue throughout the life time of said Eugene T. Gilmer, and upon his death, should his brother, William J. Gilmer, be then living, then the said William J. Gilmer, shall become trustee in the place of Eugene T. Gilmer, and then upon becoming trustee, the said William J. Gilmer shall have all of the rights, powers, privileges, immunities and compensation that are given the said Eugene T. Gilmer. Nor shall the said William J. Gilmer be liable to account to the beneficiaries for his management of said estate, nor shall William J. Gilmer as trustee, be liable to the beneficiaries for any waste, mismanagement, negligence, mistake of judgment, or fraud in the conduct of the business of the estate."

And item 3 is as follows: "Upon the death of Eugene T. Gilmer and William J. Gilmer, whichever may last occur, the trusts herein created shall cease and terminate and whatever is left of the property devised to said trustees at that time shall go to and vest in the said James M. Gilmer, Eugenia F. Gilmer, Harris Lewis Gilmer, Beatrice F. Gilmer and Marion Donald Gilmer, if then living, share and share alike. That if any of said beneficiaries be dead, leaving descendants, then such descendants shall take the part that the parent would have taken if living. That if any of said beneficiaries be then dead, without leaving descendants, then the part of such deceased beneficiary shall go to the remaining beneficiaries, share and share alike, per stirpes."

These complainants are the beneficiaries named in it other than the respondent, trustee.

The bill cannot be supported as seeking a statutory declaratory judgment because it does not show the existence of an actual concrete controversy as to any particular matter justiciable in nature. Section 156 et seq., Title 7, Code of 1940. The parties do not contend otherwise.

The bill alleges that testatrix died October 8, 1928, and that the will was admitted to probate December 19, 1928. But it is not alleged that letters testamentary were issued, or what is the status of the administration apart from the trust. See, Badham v. Badham, 244 Ala. 622, 14 So.2d 730(8 and 9). We will therefore consider the trust apart from the administration, and as though there is none, as counsel have done. It alleges that for the fourteen years since the death of the testatrix defendant 'has had possession of the large trust properties, that he has married again, and has a child by his second wife, and uses the income not only for his own support but also for that of his second wife and child by her. That the income is greatly in excess of the amount necessary for his reasonable compensation, and personal support. The complainants are doubtful as to the true meaning of the will; whether and to what extent they have a present interest in the income, and, if so, to what extent respondent may use the income, especially for the support of his second wife and his child by her. No mention is made of testatrix having a child.

The question on this appeal is not to review the trial court on a construction of the will. That court has not construed it, but has only held, in overruling the demurrer, that complainants make out a case showing that they have a right to have it construed. Hawkins v. Tanner, 243 Ala. 641, 11 So.2d 351(6); Carroll v. Richardson, 87 Ala. 605, 6 So. 342; Reid v. Armistead, 224 Ala. 43(2), 138 So. 537; Ashurst v. Ashurst, 175 Ala. 667, 57 So. 442; Sellers v. Sellers, 35 Ala. 235. By that rule the bill in the instant case is to be measured.

As a general principle when a trustee is in reasonable doubt as to the extent of his powers or as to the proper manner in which to proceed under the trust, he may apply to a court of equity, which will interpret the trust instrument when neces-

454

sary and when it is ambiguous in order to give him directions without other equity appearing in the bill. Sellers v. Sellers, supra; Carroll v. Richardson, supra (3); Berger v. Butler, 159 Ala. 539, 48 So. 685; 65 C.J. 680, section 540; Cowles v. Pollard, 51 Ala. 445; see, Morgan County National Bank v. Nelson, 244 Ala. 374, 13 So.2d 765.

■■ But when the bill is filed by the beneficiary of a trust seeking a construction of the will creating the trust, our decisions of late limit the equitable right to a case in which the court of equity is asked to take jurisdiction for some other purpose, such as to declare and enforce a trust (meaning an implied or constructive trust), or the protection of property rights in the subject of an expressed trust, or to remove an administration into equity and there supervise and enforce the trust. Upshaw v. Eubank, 227 Ala. 653, 151 So. 837; Ashurst v. Ashurst, 175 Ala. 667, 57 So. 442; Minor v. Thomasson, 236 Ala. 247, 182 So. 16; Coker v. Coker, 208 Ala. 354, 94 So. 566; or for other equitable purposes. 65 C.J. 677, § 539. And in general a court of equity will not interfere with the exercise of discretionary powers conferred upon the trustee, though he cannot administer the trust wholly without regard to the claims of the designated beneficiary which would not be the exercise of a discretion at all. Coker v. Coker, supra; McDonald v. McDonald, 92 Ala. 537, 9 So. 195; Hoglan v. Moore, 219 Ala. 497, 122 So. 824; Badham v. Johnston, 239 Ala. 48, 193 So. 420; Strawn v. Caffee, 235 Ala. 218, 178 So. 430.

■ A court of equity may take jurisdiction to require an accounting to complainants as beneficiaries pursuant to the requirements of the trust instrument, since it is always open to a beneficiary in case of willful or manifest breach of duty; and though relieved of making an accounting to any court he may be compelled in equity to distribute to complainants what is due them under the trust. Henderson v. Henderson, 210 Ala. 73(8), 97 So. 353; Morris v. Southern Realty & Const. Co., 203 Ala. 600, 84 So. 809; Jones v. McPhillips, 77 Ala. 314; McDonald v. McDonald, supra. Compare, Sellers v. Sellers, supra (3). And it has inherent power under the law of trusts to make such orders touching properties within its jurisdiction as will protect all interests. Frye v. Community Chest, 241 Ala. 591, 4 So.2d 140(23).

■ Whether the broad terms of the trust-will intend to confer unlimited power upon the trustee even to the extent of consuming all the income and corpus or of disposing of it with no regard to complainants is one which will arise on the hearing, and a construction on this appeal would be in the abstract and not appropriate. See, Burch v. Gaston, 182 Ala. 467, 62 So. 508; McDonald v. McDonald, supra, as touching those questions.

■ But to justify this suit as framed, complainants must make a prima facie showing in the bill that they are the beneficiaries of a trust, not now considering their equitable rights as remaindermen under item three of the trust-will.

Respondent contends that they are not beneficiaries of a trust but only remaindermen and do not seek relief as such. Compare, Frye v. Community Chest, supra. The contention is that since respondent is the sole trustee and one of the beneficiaries, the trust merged in him creating a life estate with the absolute power of disposition, but, with remainder over, and that under section 76, Title 47, Code of 1940, the remainder only operates on what shall not have been sold. Such is section 76, supra, when there is no trust and the owner of a particular estate has such power. But the only feature of that contention which here seems now of interest is whether this will effectually creates a trust with complainants as beneficiaries along with respondent.

■ The basis of the contention is, as we have stated, that the legal and equitable estates vested in respondent for his life, leaving only the remainder for complainants in what is left, after the death of two successive trustees. This merger exists when the legal and equitable estates vest in the same person. Dunn v. Ponceler, 230 Ala. 375, 161 So. 450; Birmingham Trust & Savings Co. v. Marx, 230 Ala. 68, 159 So. 483. But there must be a complete unity of trustee and all beneficiaries for this to occur. Sisson v. Swift, 243 Ala. 289(6), 9 So.2d 891. These complainants are named as beneficiaries along with respondent, but they are not trustees also. The extent of their interest as such remains to be determined in this suit. We are not now undertaking to do so. Nor are we undertaking at this time to say what rights purchasers from respondent under the power may have acquired, nor what disposition should be made of the

proceeds so derived. See, Winn v. Winn, 242 Ala. 324, 6 So.2d 401.

It is sufficient now to say that complainants make a case by their bill entitling them to relief in equity as the beneficiaries of an express trust, to have the terms of the trust construed and their rights under it declared and enforced, if they have any as found on the final hearing. The demurrer was overruled without error.

Affirmed.

GARDNER, C. J., and BOULDIN and STAKELY, JJ., concur.