JOHN B. KEHOE, in Equity, *vs.* JAMES S. AMES, and others.

Cumberland. Opinion January 31, 1902.

*Will.    Trust.    Separated Family.    Costs.*

A testatrix devised certain property to a trustee to hold during the natural life of her nephew, J. S., for the benefit of the said J. S., "so that at the discretion of the trustee the net income, and where circumstances should demand, the principal might be applied to the comfort and support of the said J. S., and his family, and to relieve them from suffering and distress." She further provided in case of objection to the trustee by J. S., or her refusal to act, other trustees should be appointed "to carry out the provisions of such trust for the benefit of said J. S. and his family," with a devise over after the death of J. S., to his issue then living, and in default of such issue to another nephew. By other clauses of her will, specific and substantial devises and bequests were made to J. S., without mention of his family. The family of J. S., at the time of the making of the will consisted of his wife and daughter, but before the death of the testatrix they separated from him, and have not since lived or maintained family relations with him.

Upon a bill brought by the trustee to determine the construction of the will, and for directions as to the manner of executing the trust, *held;*

That the whole net income of the trust estate is not payable to J. S:—

That the wife and daughter are independent beneficiaries under the will, and that so much of the income as the trustee in his discretion, exercised in good faith, may determine, is either payable to the wife, or to be otherwise applied by him to the comfort and support of the wife and daughter:—

That their right to have said income so applied is not affected by their separation from J. S. :— .

That there being no evidence of the abuse by the trustee of the discretion given him, the prayer of the wife and daughter to have the income of the trust estate apportioned and a specific part paid to them, should be denied.

On report. In equity.

Bill brought by the trustee under the will of Charlotte R. Shaw late of Portland, deceased, to determine its construction and obtain directions as to the manner of executing the trust.

Kate P. Trickey was named trustee in the will, but was succeeded by the plaintiff.

The facts were agreed and appear in the opinion.

*John B. Kehoe,* pro se, for plaintiff.

*R. T. Whitehouse; J. C. and F. H. Cobb,* for James S. Ames.

*J. H. and J. H. Drummond, Jr.,* for others.

SITTING: WISWELL, C. J., EMERY, STROUT, SAVAGE, FOGLER, POWERS, JJ.

POWERS, J. This bill is brought by the trustee under the will of Charlotte R. Shaw for a construction of clause seventeen of the will; and for the direction of the court as to the manner of executing the trust therein created. Said seventeenth clause is as follows:

"Seventeenth. Eight shares of my stock in the New York, New Haven and Hartford R. R. Co.; my shares of stock in the Boston & Albany R. R. Co.; my house and lot on Casco Street in said Portland; and thirty-five two-hundredths (35-200) of my Merritt farm in Minnesota, more definitely named in the last preceding item of this will, I give, devise, and bequeath to the said Kate P. Trickey, to have and to hold to her, and her heirs, executors, administrators, and assigns, for and during the term of the natural life of James S. Ames aforesaid, but in trust nevertheless for the benefit of my nephew, James S. Ames aforesaid, and so that at the discretion of the trustee the net income from said trust estate shall from time to time be

applied to and for the comfort and support of the said James and his family; and further so that when circumstances shall demand so much of the principal part of said estate shall, at the discretion of said trustee, be applied and used as will save and relieve the said James and his family from suffering and distress. Provided, however, if said James S. Ames shall in writing duly made and presented by him to the judge of probate for said Cumberland county, object against said Kate P. Trickey acting as such trustee, or if for any cause she shall refuse to accept, or fail or cease to perform such trust, then in either such event, it shall be lawful and it is my will and I do hereby order and direct, that the judge of probate aforenamed shall appoint some other discreet, reliable, and responsible person as trustee to carry out the provisions of such trust for the benefit of said James S. Ames and his family as aforesaid. On the death of the said James S. Ames, said above created trust shall cease and thereby be determined. And thereupon I give, devise, and bequeath the said estate so hereinbefore given in trust, and the reversion and remainder thereof, in fee to such of the lawful issue of the said James S. Ames as shall then be living, and in default of such issue of the said James, then to such of the lawful issue of the said Robert P. M. Ames as shall then be living."

It is agreed that the family of James S. Ames at the time of the making of the will consisted, and now consists, of his wife and daughter, but that they have not lived with him, or maintained family relations with him since 1895, although there has been no divorce or separation by order of court, and that since the separation he has not contributed to their support. In determining whether the wife, Harriet E. Ames, and the daughter, Harriet E. Ames, Jr., are independent beneficiaries under the will, and as such entitled to any portion of the income of the trust fund, regard must be had to the words of the will itself in all its different parts. The construction placed by learned judges on expressions in other wills under other circumstances, differing from though somewhat similiar to those before us, throws little light upon the intention of the testatrix here. The trust is, in the first instance, expressly declared to be for the benefit of James, and it is claimed that the expressions which

immediately follow allowing the trustee in her discretion to apply the net income to and for the comfort and support of James and his family, and when necessary so much of the principal as will save and relieve the said James and his family from suffering and distress, are simply declaratory of the motive for the gift to James. Later on, however, in the same clause, in case of the refusal or, failure of the trustee named to act, the testatrix provides for the appointment of other trustees "to carry out the provisions of such trust for the benefit of the said James S. Ames and his family as aforesaid." Here the testatrix expressly declares that the trust is for the benefit of the family as well as of James. If James is the only beneficiary of the trust fund, then the words "and his family" must be rejected. It is only by regarding the wife and daughter his family, as well as James, as beneficiaries of the trust fund, that full force and meaning can be given to all parts of the will. Such a construction is the only one which is consistent with the later declaration that the trust is for the benefit of James and his family. It is not inconsistent with the previous declaration that it is for the benefit of James, so that in the discretion of the trustee the income may be applied to the comfort and support of, and if necessary the principal, to relieve from suffering and distress "James and his family."

And we think this construction is strengthened by the fact that by the seventh, twelfth, and thirteenth clauses of the will specific and substantial bequests and devises are made directly to James S. Ames. By the ninth and eighteenth clauses he is one of the four residuary devisees and legatees of the real and personal estate. In none of these clauses is any mention made of the family. If what the testatrix had in mind was simply to benefit and provide for her nephew, James, leaving the comfort and support of his family entirely dependent upon his affection, or the performance by him of the obligations which the law imposed upon him to support his wife and daughter, it is difficult to understand why the family should be named in connection with the disposition of the trust fund and nowhere else. From the distinction thus made the conclusion is irresistible, that the testatrix intended the family of her nephew to have from the trust fund a direct beneficial interest, different from that which it would incident-

ally derive from the absolute gifts to him. *Loring* v. *Loring*, 100 Mass. 340.

We think these considerations outweigh any argument to be drawn from the fact that the trust was to continue only during James' life and the trust estate was then devised to his issue, and in default of such issue to the issue of another nephew, without making any further mention of James' wife. Such a gift to those alone who were related to her by consanguinity is not inconsistent with an intention, on the part of the testatrix, to give to the wife during her husband's life such an interest in the trust fund as would provide for her comfort and support, and relieve her from suffering and distress. If there were children, the estate would still continue in her family; and if there were none, and the wife survived the husband, the testatrix might then reasonably prefer her own relatives to the wife of a deceased nephew. Moreover, in making wills testators do not always foresee, and not foreseeing do not provide, for every possible contingency. If they did there would be less bills brought to determine the construction of their wills.

Neither do we think too great importance should be attached to the right given to James alone to object to the trustee named. He was the husband and father, the head of the family, which at the time of the making of the will was still united. The testatrix might well believe that he would act for the interest of that family; and that beyond that it was not desirable to invest either the woman or the child, who were to be the recipients of her bounty, with the unusual power of rejecting the trustee she had named, through whom that bounty was to be exercised.

It is suggested that the wife and daughter no longer belong to the family of James, and that while living separate and apart from him they have no right to participate in the benefits of the trust. There is nothing in the will indicating such an intention on the part of the testatrix. So far as they are concerned the declared purpose of the trust, their comfort and support and their relief from suffering and distress, might require that they should receive its benefits even more when living apart from, than when living with the husband and father. The separation took place more than a year before the death

of the testatrix, yet she made no change in her will on that account. We think she used the word "family" to designate the persons intended, and not for the purpose of imposing as a condition that those persons should reside with, or be entitled to support from, James S. Ames. The question of whose fault caused or continues the separation cannot affect the rights of the beneficiaries except so far, if at all, as it may influence the judgment of the trustee, to whose discretion is confided the application of the trust funds. With that discretion, honestly exercised, the court will not interfere, and there being no evidence of its abuse, the prayer of Harriet E. Ames and Harriet E. Ames, Jr., that the income of the trust estate be apportioned, and a specific part paid to them, is denied. *Veazie* v. *Forsaith,* 76 Maine, 172; *Smith* v. *Wildman,* 37 Conn. 384.

In answer to the questions submitted, our opinion therefore is, that the whole of the net income of the trust estate is not payable to James S. Ames; that so much of said net income as the trustee in his discretion exercised in good faith may determine, is either payable to Harriet E. Ames, or to be otherwise applied by the trustee to the comfort and support of herself and said Harriet E. Ames, Jr.; and that the right of said Harriet E. Ames and said Harriet E. Ames, Jr., to have such portion of said income so applied is in no way affected by their separation from James S. Ames, except so far, if at all, as it may properly influence the discretion of the trustee.

The costs of both parties are a proper charge upon the income, and are to be paid by the trustee.

*Decree accordingly.*