19 So.2d 526

CLARKE v. CLARKE et al.

6 Div. 212.

Supreme Court of Alabama.

Oct. 5, 1944.

Rehearing Denied Nov. 16, 1944.

172

J. L. Drennen and Frank L. Parsons, both of Birmingham, for appellant.

Talbot Ellis, D. H. Markstein, Jr., and Lange, Simpson, Brantley & Robinson, all of Birmingham, for appellee Basil M. Clarke.

SIMPSON, Justice.

A proper construction of Item 3 of the will of Susie M. Carter gives rise to this appeal.

 Item 3, seeking to establish a spendthrift trust for the benefit of the testator's son Basil M. Clarke (unmarried when the will was executed) and his family, should he have a family, vested the legal title of certain real estate in the First National Bank of Birmingham as trustee, with provision, first, that: "The Trustee shall pay to or for the benefit of my son, Basil M. Clarke, during his life, all of the net income from the trust property." This provision is then qualified by a stipulation following that, in the discretion of the trustee, instead of paying the net income or any part thereof to said son, the trustee may and "it shall be its duty * * * to expend, use and apply the income for a comfortable support and maintenance of my said son, and or his family, if he has a family,"; then, after certain "spendthrift provisions," follows the final clause of the paragraph that "it is my will that the income shall be used and applied for the support and maintenance of my son, and his family, if he has a family, so as to provide a support and maintenance at all times."

The beneficiary, Basil M. Clarke, did later marry, but his wife is not now living.

Appellant, an only daughter, is the issue of this marriage, and is contending that under the provisions of said Item 3 she is an independent beneficiary and, as such, entitled to share equally with her father in the net proceeds of the trust.

The father, on the contrary, asserts that by reason of the first declaration for his single benefit he is the sole beneficiary of the trust and the subsequent provisions dictating the use of the net income for the support and maintenance of his family, as well as himself, are merely expressive of the motive of the gift to him.

Giving consideration to the whole of Item 3, it must be held that, under the terms of the trust, appellant, also, is a beneficiary and entitled to participate to the extent provided therein. Otherwise, the several later provisions, following the single bequest to Basil, directing that the net income of the trust be utilized, at the trustee's discretion, for the benefit of his "family, if he has a family," must be entirely ignored and rejected, which cannot be done, under any sort of judicatory interpretation.

This construction is strengthened by the further fact that in Item 4 of the will specific and substantial bequests were made directly to Basil alone, without any mention of his family. If what the testator intended was simply to benefit her son exclusively, leaving the support and maintenance of his family entirely dependent upon his affection, or the performance of the duty exacted of him by law in that regard, then it is difficult to discern why the family should be named in connection with the disposition of the trust (Item 3) and nowhere else. It is only by regarding the daughter, as well as Basil, as a beneficiary of the trust fund that full force and meaning can be accorded all the provisions of the bequest. The concluding clause quoted above, "the income shall be used and applied for the support of my son, and his family * * * so as to provide a support and maintenance at all times," clearly manifests this intention of the testator and forecloses any adverse argument.

Even though her main solicitude was for her son, members of his family were also the contemplated objects of the testator's bounty, and when he married, the gift opened and let in his wife, and the appellant when she was born, entitling them to "comfortable support and maintenance," within the discretion of the trustee to be reasonably exercised. Such has been the uniform construction placed by this court upon substantially correspondent provisions in other wills, and we reaffirm it here. McDonald v. McDonald, 92 Ala. 537, 9 So. 195; Jones v. Reese, 65 Ala. 134, 136; Hill v. McRae, 27 Ala. 175, 176; Rugely & Harrison v. Robinson, 10 Ala. 702, 704, 705.

See also Kehoe v. Ames, 96 Me. 155, 51 A. 870; Proctor v. Proctor, 141 Mass. 165, 6 N.E. 849.

■ But, this holding by no means entitles appellant to a one-half interest in the net proceeds of the trust, as claimed by her in her petition, nor to the right to dictate this or any other amount of disbursement to her or for her benefit.

In determining the extent of her interest, the intention of the creator of the trust, as ascertained from a consideration of all of its provisions, must be given effect (65 C. J. 536, § 285), and when so considered it becomes manifest that this interest is limited (in the language of the bequest) to "a comfortable support and maintenance."

The initial provision that, "The trustee shall pay to or for the benefit of my son, Basil M. Clarke, during his life all of the net income from the trust property," clearly indicates this and evinces the undoubted purpose of the testator to create a trust primarily for her son. He is the main beneficiary. The appellant is made a recipient of her grandmother's largess only because she is the child of this principal beneficiary, her father, and the bounty thus bestowed upon her by the subsequently qualifying clauses, which opened the gift for her participation therein, likewise limited that gift for her "comfortable support and maintenance at all times."

This conclusion is fortified by the investment in the trustee of such extensive discretion whereby, rather than paying the trust funds to Basil, the income may be expended for the benefit of said beneficiaries "and or" any of them "as the trustee may deem best," thus clearly establishing that no fixed amount or interest was intended to be declared by the testator.

Illustrative, is the rationale of the McDonald case, above cited, where, in construing a provision not greatly dissimilar, the substance of the holding was that the named beneficiary children were entitled to "a reasonable part of the rents, income and profits" for their comfort, support and education. So, appellant here is likewise en-

174

titled to distributions from the trust fund, not of one-half the net revenues, as claimed by her, but of a reasonably sufficient amount to properly maintain and support her, having due regard to all the attendant circumstances including the size of the estate, her own condition and station in life and that of her father.

The reasonableness of the distributions to her is left to the discretion of the trustee by the terms of the trust, with the legal duty imposed to act with proper motives, in good faith, with wisdom and reasonable judgment. First Nat. Bank of Birmingham v. Basham, 238 Ala. 500, 510, 191 So. 873, 125 A.L.R. 656; Hoglan v. Moore, 219 Ala. 497, 122 So. 824. And when thus transacted the trusteeship is regarded as having been properly administered. 2 Scott on Trusts, § 187, pp. 986–7.

There is no legal or equitable basis for the contention of appellant that the father's share of the revenue of the trust should be diminished, and hers thereby proportionately aggrandized, so that she may obtain more money to protect certain mortgaged investments left her by her mother, or that she may engage in any other business enterprise. This seems to form the basis of her claim for an increase to one-half of the net revenues and is patently unsustainable.

So considered her petition was without equity, and the decree of the trial court sustaining the demurrers thereto and dismissing said petition is here affirmed.

Affirmed.

THOMAS, FOSTER, LIVINGSTON, and STAKELY, JJ., concur.

On Rehearing.

SIMPSON, Justice.

■ The Court adheres to its original view that the petition, rested upon appellant's assertion of the right of a distribution from the trust estate equal to that of her father, was without equity. In order that a petition for a different distribution from the trust estate contain equity it must find basis in an allegation showing an inequitable distribution to her for her proper maintenance and support, commensurate with the size of the estate and regardful of her station and condition in life.

■ The case though has finally resulted in a construction of the will (that

appellant is an independent beneficiary) which not only is adverse in that respect to the contention of appellees, but also establishes for the trial court a standard for future guidance. In view of this, it is but equitable and just that the costs of the proceedings, accruing from and after the filing of the petition giving rise to this appeal, be paid out of the trust estate, and it is so ordered.

THOMAS, FOSTER, LIVINGSTON, and STAKELY, JJ., concur.