32 So.2d 680

### CLARKE et al. v. FIRST NAT. BANK OF BIRMINGHAM.

6 Div. 562, 562–A, 562–B.

Supreme Court of Alabama.

Oct. 30, 1947.

Rehearing Denied Dec. 4, 1947.

W. H. Brantley, Jr., of Birmingham,. for appellant Clarke.

Drennen & Drennen, of Birmingham, for appellant Peach.

Cabaniss & Johnston, of Birmingham, for appellee.

BROWN, Justice.

This is the third appeal in this case, involving the interpretation of certain provisions of the will of Susie M. Carter, deceased, setting up a "spendthrift trust" for the benefit of her son Basil M. Clarke and his family. After the execution of the will Clarke married and as a result of that marriage a daughter, Martha Minge Clarke, was born. Thereafter Martha Minge, the mother of the child, died, leaving as sole beneficiary of this trust said son of the testator and the granddaughter, who are parties to this proceeding, along with the First National Bank of Birmingham, the trustee named in the will.

The jurisdiction of the circuit court in equity was invoked in respect to the trust under said will by original bill filed on the 19th of September, 1933, said court has retained jurisdiction in the administration of the trust estate since that time.

The first appeal was reported as Clarke v. Clarke et al., 246 Ala. 170, 19 So.2d 526, 529. That proceeding was initiated by the filing of a petition by Martha Minge Clarke, a minor, suing by her next friend, to require the bank as trustee to pay to her one-half of said income from the trust created by the will. On that appeal it was held that the daughter was not entitled to a half interest in the net proceeds of the trust or the right to dictate the amount of the disbursements to her for her benefit by the trustee. The court also held that she was a beneficiary—one of the cestui que trustent—with the right to have such amount of the income from the trust property allowed to her as would afford reasonable support and maintenance and vested in the trustee a discretion to be exercised in good faith in fixing such allowances, such discretion being subject to review by the court having jurisdiction of the administration of the estate if the allowance was "an inequitable distribution to her for her proper maintenance and support, commensurate with the size of the estate and * * * her station * * * in life." The decree sustaining the demurrer to the petition and dismissing the same was affirmed. Clarke v. Clarke, supra.

Prior to the decision in that case the court by agreement of the beneficiaries acquiesced in by the trustee entered two decrees fixing the basis for the allowances to the primary beneficiary and his daughter, the last of which authorized distribution on the basis of 62% of the income to him and 38% to her. The first decree which was entered on September 3, 1942, fixed the division of the trust income in dollars and cents. That decree was subsequently modified by the decree of June 17, 1943, dividing the trust income on the percentage basis. Thereafter Clarke filed his petition against the bank as trustee and Martha Minge Clarke, seeking a modification of said last consent decree, so as to limit the right of the daughter to an allowance necessary for her comfortable support and maintenance in her then condition and status in life and praying that the trustee be restored to its discretionary power in fixing the allowances in the accumulated and future income to the respective parties. That petition is the first pleading in this case and was be-

fore us on the last former appeal by the daughter from a ruling on her demurrer. It alleges that the trustee has refused to exercise its discretionary power in the face of said last-named consent decree, asserting that said decree deprives it of its authority to do so. The trustee bank and the daughter named in the petition as Martha Minge Clarke Peach were made parties to that petition. To that petition after the decision on the second appeal, the bank filed an answer which was made a cross-bill, setting up the former ruling of the court touching the interpretation of the will and seeking the advice and instruction of the court with reference to the proper allocation to be made between said Clarke and his daughter and pleading the consent decrees as a basis for its refusal to exercise its power and discretion in fixing the allowances to the respective beneficiaries and alleged that the effect of such decree was to withdraw from the respondent trustee the function of exercising its discretion under the will with reference to the disbursement of the trust income. Clarke and his daughter were made respondents, to the cross-bill.

The daughter first filed a demurrer to the cross-bill on numerous grounds which was overruled May 11, 1945. Clarke also filed an answer to the cross-bill, making reference to the ruling of the court on the second appeal and reported as Peach v. First National Bank of Birmingham (Peach v. Clarke et al.), 247 Ala. 463, 25 So. 2d 153, affirming the ruling of the court on demurrer to the petition of Clarke to modify and restore to the bank its discretionary power (case no. 368) but reversing the decree overruling the demurrers of Mrs. Peach, going to that phase of the petition to modify in respect to the accumulation allocated to her in pursuance of said last consent decree.

It does not appear from the record before us that Clarke amended his petition to meet the ruling on demurrer here, limiting the trustee's authority to exercise its power and discretion to future income of the trust thereafter. The trustee amended its cross-bill and sought to have its discretionary powers restored only as to future accumulations. The respondent Peach, in her answer to the cross-bill and the petition, asserted her right to the unpaid portion of the 38% of the accumulations and that it should be paid to her by the trustee as a prerequisite to its assuming the exercise of its discretionary powers in the apportionment of the trust income.

At the submission for final decree on pleadings and proof the order of the court was in the following words: "On this the 15th day of November, 1946, it is ordered by the Court that this cause be submitted for a final decree on cross-bill and answer and other pleadings and proof."

This was followed by "Note of Testimony" signed by the solicitors for the respective parties in which all the pleadings were mentioned except the original petition of the appellant Clarke.

On that submission the court entered a decree annuling and vacating said former consent decrees "in so far as said decrees purport to limit, control or direct the distribution of trust income which may be received or accumulated in favor of said trustee on or after the date of the submission taken herein, towit, November 15, 1946. Trust income received or accrued in favor of said trustee prior to said effective date (Nov. 15, 1946) shall be by said trustee allocated and distributed to the beneficiary under said trust estate as directed in and by said two former decrees, less expense of administration and less cost and expenses hereinafter required to be paid out of such trust fund and less payments already made to said beneficiaries on account."

The court further decreed and ordered and directed the trustee to resume "from and after said date, viz.: November 15, 1946, its full powers, duties, privileges, discretion and functions given and granted to it as Trustee under said Will of Susie M. Carter, deceased, as said will has been construed in decisions of this Court and of the Supreme Court of Alabama", and denying to the appellant Clarke, "Relief sought in the petition" and denying to Mrs. Peach the relief as asserted in her answer, in so far as inconsistent with the relief granted in the decree.

From that decree both the original petitioner Clarke and the respondent Peach have separately appealed. These appeals

have been docketed and noted as 6 Div. 562—Clarke's appeal; 6 Div. 562 A—Peach's appeal and 6 Div. 562 B. As we construe the record, there are only two appeals, the two first named. In case number 562 Mrs. Peach moved to dismiss the appeal of Clarke on the ground that the decree from which he appeals is not final. The parties in the agreement curtailing the record have treated the decree as final and we think correctly so. It is a final decree to the extent it denied relief to Clarke to receive any part of the accumulated dividend credited to Mrs. Peach under the former decrees of the court. The motion to dismiss the appeal is, therefore, overruled.

 The two first insistences of appellant Clarke are that the court was without jurisdiction and power to deny him the relief prayed for in his original petition and that the decree denying such relief is void. These assertions are based on the contention that there was no submission in the court below on the petition to modify the former decrees. This contention is refuted by the record, as shown in the order of submission and is without merit. The legal effect of the decree denying relief as prayed in the petition was tantamount to a dismissal of such petition and was a final decretal judicial determination that said petitioner was not entitled to participate in the accumulated income credited to the account of the daughter Mrs. Peach under the former decrees of the court. And this determination was consistent with the holding of this court in Peach v. First Nat'l. Bank of Birmingham (Peach and Clarke et al.), 247 Ala. 463, 25 So.2d 153, 158, wherein this court held, "whatever income, therefore, in the hands of the trustee, properly allocated to Martha Peach under the decree here referred to, is due to be paid to her as a matter settled by these decrees."

No point was made in the trial court by Clarke or his counsel, so far as appears, of his not having received notice of an amendment to the cross-bill, and the record shows that counsel for such appellant was present, participated in the submission of the case, and signed the note of testimony.

It is not necessary that the pleadings be included in the note of testimony. It is, therefore, immaterial that the original petition for modification was not mentioned in the note of testimony. Johnston v. Johnston, 229 Ala. 592, 158 So. 528; Dillard v. Gill, 231 Ala. 662, 166 So. 430; Griffith et al. v. First National Bank of Guntersville, 224 Ala. 296, 140 So. 359.

The consent decree was not void, but was at most voidable and subject to be vacated on due application to the court rendering it. The court did not err in fixing November 15, 1946, as the time for the trustee to resume its discretionary powers. Taylor v. Taylor et al., Ala.Sup., 31 So.2d 579;[1] McCarty v. Gant, 248 Ala. 668, 29 So. 2d 136; Drane v. Gunter, 19 Ala. 731; Dillard v. Winn, 60 Ala. 285.

The major insistence of the appellant Peach is that the court erred in refusing to decree that she was entitled to have the accumulated surplus allocated to her under the former decrees paid in advance of restoring to the trustee its discretionary powers. The decree rendered protects her rights in the accumulated surplus, and we are of opinion that this contention is without merit. The issues presented by the pleading were sufficiently broad and comprehensive to warrant the decree entered.

Affirmed.

GARDNER, C. J., and LIVINGSTON and STAKELY, JJ., concur.