44 So.2d 257

### PEACH v. DRENNEN.

#### 6 Div. 877.

Supreme Court of Alabama.

Feb. 9, 1950.

Barber & Garrison, of Birmingham, for appellee.

Howze & Brown, of Birmingham, for appellant.

The bill now under review alleges, in substance, that complainant is a licensed and qualified practicing attorney in the State of Alabama; that he was employed by respondent, Minge Clarke Peach, to represent her as her attorney in a suit then pending in the Circuit Court, in Equity, of Jefferson County, Alabama, styled "The First National Bank of Birmingham v. Basil M. Clarke, et al., No. 35562," and as such attorney, complainant did represent said respondent, and that said services of complainant culminated in decrees of the court, both in the trial court and the Supreme Court, by which respondent obtained a large sum of money; that there is now in the possession of the said First National Bank of Birmingham, as Trustee, $10,000 of the money thus obtained for respondent; that complainant and respondent heretofore agreed upon a fee of $10,000 for the services of complainant, but that respondent has failed to pay said fee and more than a reasonable time for its payment has elapsed.

The litigation out of which the alleged lien arose has been before this Court on three separate occasions. See, Clarke v. Clarke, et al., 246 Ala. 170, 19 So.2d 526; Peach v. First National Bank of Birmingham, and Peach v. Clarke et al., 247 Ala. 463, 25 So.2d 153; and Clarke v. First National Bank of Birmingham, 249 Ala. 652, 32 So.2d 680, 681.

The opinion rendered on the last cited appeal states: "This is the third appeal in this case, involving the interpretation of certain provisions of the will of Susie M. Carter, deceased, setting up a 'spendthrift trust' for the benefit of her son Basil M. Clarke and his family. * * * The jurisdiction of the circuit court in equity was invoked in respect to the trust under said will by original bill filed on the 19th of September, 1933, said court has retained jurisdiction in the administration of the trust estate since that time."

On each of the three aforementioned appeals the circuit court docket number is the same, viz., 35562, denoting appeals from decrees involving different aspects of the same litigation. We may also note that Judge E. M. Creel has presided in all of

LIVINGSTON, Justice.

This is an appeal from the Circuit Court, in Equity, of Jefferson County, Alabama, overruling demurrers to the petition or bill of complaint of J. L. Drennen seeking to foreclose an alleged attorney's lien. The only question involved is the sufficiency of the petition or bill of complaint.

the litigation, including the making and entering of the decree from which this appeal was taken.

■ Section 64, Title 46, Code of 1940, gives a lien to attorneys on "suits, judgments, and decrees for money," for services rendered in reference thereto. Though the lien is given on suits as well as judgments and decrees, there can be no enforcement of such lien until the suit has been prosecuted to judgment. Wade v. Kay, 210 Ala. 122, 97 So. 129. In the Wade case, supra, the Court speaking through Mr. Justice Somerville, said:

"The petition here exhibited is but an appendage to the main proceeding—the administration of an estate; and though it does not allege that a decree had been rendered in that proceeding allotting to petitioner's client what she was due to receive from the estate, the trial court had before it the entire record in the case, and was bound to know that such a decree had, in fact, been rendered, and was bound to decree upon the demurrer to this petition in the light of that knowledge.

"This Court knows of the existence and the terms of that decree by the inspection of its own records in the case of Blount County Bank, as Adm'r of the Estate of Wade v. Kay, 209 Ala. 74, 95 So. 297, involving this same administration wherein the final decree of the administering court is pertinently set forth. Alabama City, etc., Co. v. Bates, 155 Ala. 347, 46 So. 776."

In the case of Crossland v. First National Bank of Montgomery, et al., 233 Ala. 432, 172 So. 255, 256, it was said:

"Of course that record would not show what, if any, proceeding has occurred, since it was made up, or whether the order has been revoked or discontinued. We have not examined the record on that appeal to see what is shown to be its status. We will sometimes do so 'to ascertain the issues of law and fact there involved, and the result, and the influence of such adjudication on the questions presented in the appeal under consideration.' Catts v. Phillips, 217 Ala. 488, 117 So. 34, 35. Also 'when a party refers to such other proceeding or judgment in his pleadings for any purpose, the court on demurrer by the other party may and should take judicial notice of the entire proceeding insofar as it is relevant to the question of law presented,' when they are both in the same court. Cogburn v. Callier, 213 Ala. 38, 104 So. 328; Alabama City, G. & A. R. Co. v. Bates, 155 Ala. 347, 46 So. 776. These are exceptions to the general rule, 23 Corpus Juris 113, and this bill does not fall within either of them.

"If the bill refers to another proceeding in the same court, the Cogburn case, supra, holds that the court on demurrer should take notice of it as though set out in the bill. That principle should not be extended. The other proceeding may be accessible to the circuit court, but not to this court; and it may be accessible in this court and not in that. It could never apply unless the bill refers to it, and it is of record in the circuit court where the bill is filed, and also, an appeal is of record here. Such was the Cogburn case, supra, and such is not this case."

■ We do not think it material whether complainant elected to file an independent bill rather than a petition in the still pending case, docketed in the circuit court as case No. 35562. The circuit court, as well as this Court may take judicial notice of the entire record in case No. 35562. Authorities supra.

As clearly indicated by the decision of this Court on the appeal reported in 249 Ala. 652, 32 So.2d 680, a decree of the circuit court to the effect that an accumulated sum of money, then in the hands of the First National Bank of Birmingham, as trustee, should be paid to respondent Minge Clarke Peach, was affirmed. The present bill alleges that $10,000 of this fund is still in the hands of said trustee. It has not been paid to respondent so as to satisfy the decree and thus put it beyond the power of the court to fix an attorney's lien on it.

■ We are fully persuaded that the allegations of the bill of complaint are sufficient in respect to the designation of the suit or proceedings out of which the lien is alleged to have arisen.

■ Section 1, Title 33, Code of 1940, provides that "any lien may be enforced

in the manner provided by statute, if so provided, or in equity." This statute applies to attorney's liens provided for in section 64, Title 46, Code. Wade v. Kay, supra; McLendon v. Truckee Land Co. et al., 216 Ala. 586, 114 So. 3, 5. There is no merit in the insistence that complainant has an adequate remedy at law.

We find no error in the court's decree overruling respondent's demurrer to the bill of complaint.

Affirmed.

FOSTER, LAWSON, SIMPSON and STAKELY, JJ., concur.