PER CURIAM.
In a proceeding under Chapter 737, Fla. Stat., F.S.A., the chancellor entered an order which, inter alia, determined that the appellant bank was qualified to act as a co-trustee under the last will and testament of the deceased, and that “this court be notified and rule upon any requested invasion or distribution of trust corpus prior to such invasion and/or distribution.” It is from this latter portion of the chancellor’s order that this appeal has been taken.
A portion of the last will and testament of the deceased provided in substance that the trustees could encroach upon the principal of the trust estate and pay from the principal to named beneficiaries such sums of money as the trustees in their discretion found necessary or desirable for the support and maintenance of said beneficiaries.
The appellants in substance contend that the power granted to the trustees to encroach upon or invade the corpus of the trust was one that could be exercised only by the trustees and not by the court. In this respect the appellants construe the court’s order to mean that before the trustees are permitted to exercise the discretion conferred upon them by the trust terms of the decedent’s will, they would have to seek the advice and consent of the court. We also construe the court’s order in that light.
 Since the terms of the trust instrument appear to vest discretion in the trustees, the court was without authority to vary the terms of the instrument by substituting itself in the place and stead of the trustees. See 54 Am.Jur., Trusts, § 286, and Peach v. First National Bank of Birmingham, 247 Ala. 463, 25 So.2d 153, p. 157. There is no contention here that the court would not retain supervisory powers over the trust estate, or that the court would not retain its rights, upon appropriate petition or other pleadings by an interested party, to review an alleged abuse, if any, of the discretion exercised by the trustees. The presumption is that the trustees will exercise this power in good faith and within the bounds of sound discretion. See 54 Am. Jur., Trusts, § 287; 33 Fla.Jur., Trusts, § 81.
Concluding as we have that the questioned portion of the order appealed is without legal basis, the same is hereby stricken.
The order as modified is affirmed.