320 So.2d 687

**In the Matter of Audrey Brenda WALDING**

v.

**Roger M. WALDING.**

**Civ. 438.**

Court of Civil Appeals of Alabama.

Sept. 3, 1975.

Rehearing Denied Oct. 8, 1975.

182

George E. Trawick, Ariton, for appellant.

No appearance for appellee.

WRIGHT, Presiding Judge.

This is an appeal by a trustee from an order disallowing certain disbursements made from the trust and ordering the trustee to pay into court an amount in cash equal to the corpus plus interest less allowable disbursements. We affirm.

Brenda and Roger Walding were divorced March 13, 1973. Brenda Walding was awarded custody of the three minor children of the parties. Under the settlement made a part of the divorce decree Brenda Walding received $7,500.00. This amount was paid to the Trustee who was to distribute thirty dollars per week to Mrs. Walding for the children's support. The Trustee, exercising the broad investment powers granted to him under the settlement agreement, invested the corpus in accounts receivable owned by the Mighty-Tidy Corporation, Inc. The Trustee stated that he made such investments pursuant to the instructions in the trust to maximize income from investments. The accounts receivable carried an annual percentage rate of interest averaging 26%.

The Trustee testified that prior to the purchases he was the owner of Mighty-Tidy, but had sold the corporation to his law clerk. Although he was no longer the owner, the Trustee had strong ties with Mighty-Tidy, as evidenced by the fact that his law clerk and son were officers and directors of the corporation, he was authorized to write checks on its account and the corporation operated out of his law office.

The trust experienced problems from its inception, primarily because the Trustee regularly exercised his discretion by invading the corpus to make payments to Brenda Walding in excess of thirty dollars per week. During the fifty-five week period that the trust operated, Brenda Walding withdrew $4,085.00, whereas the contemplated expenditure at thirty dollars per week would have resulted in withdrawals of $1,650.00. In its decree the trial court allowed expenses totaling $2,791.27, which included the weekly payments of $30.00, $641.27 for medical expenses of the children and $500.00 for other expenditures. The remaining expenditures, amounting to $1,293.73, were disallowed. The trustee was ordered to pay into court $6,348.27, this figure being the sum of the initial corpus of $7,500.00 plus earnings of $1,639.54 less allowable expenditures of $2,791.27. The court further ordered that the Trustee pay the corpus of the trust into court in cash rather than by turning over the accounts receivable of Mighty-Tidy Corporation, Inc. The Trustee assigns the disallowance of expenditures and order to pay over the corpus in cash as error.

A trustee, being a fiduciary, cannot engage in a transaction which involves self-dealing, such as sale of personally held property to the trust estate. When a transaction involving self-dealing occurs a court of equity will allow the cestui que trust the option of affirming or disaffirming the transaction, regardless of whether or not a loss has occurred. *First National Bank of Birmingham v. Basham*, 238 Ala. 500, 191 So. 873. At the time the trust purchased the accounts receivable the Trustee stated that he had just recently disposed of the Mighty-Tidy Corporation, although details of the transaction are unclear. From the facts shown, the trial court could well conclude that the Trustee was so closely tied to Mighty-Tidy that the sale of its accounts receivable to the trust constituted self-dealing and violated the fiduciary relationship of the Trustee.

The general rule in Alabama is that the beneficiary who, with knowledge

of all the facts, accepts the proceeds of an investment made by the trustee, is thereafter estopped from surcharging the trustee on grounds that such an investment was improperly made. *Birmingham Trust & Savings Co. v. Strong*, 239 Ala. 118, 194 So. 200. However, this rule is inapplicable here, as the children were too young to understand the nature of the investments made on their behalf and, consequently, cannot be estopped from raising the self-dealing issue. Although the mother knew of the investments when she accepted the proceeds of the trust, her actions do not work an estoppel insofar as the children are concerned.

 Regarding the disallowance of certain expenses, the Trustee relies heavily on *Peach v. First National Bank of Birmingham*, 247 Ala. 463, 25 So.2d 153, for the proposition that a court will not interfere with the discretionary powers of a trustee unless the exercise of such discretion is infected with fraud, bad faith, misbehavior, misconduct or abuse of authority.

The expenses disallowed included purchase of and repairs to a used automobile for Mrs. Walding, expenses of moving the family several times and other drawings which Mrs. Walding did not directly attribute to the children. Although these expenditures affected the children, we feel that the trial judge, hearing the evidence ore tenus, was in a position to determine that the primary beneficiary of the expenses was Mrs. Walding. The trust being for the benefit of the children, allowance of these expenditures amounted to an abuse of discretion by the Trustee and were properly disallowed.

The Trustees' assignment of error seven is that the court erred in assessing part of the costs of the proceedings against the Trustee. This issue is treated in a summary fashion in his brief, without citation of authority. Under Rule 9, this argument is waived and will not be considered by the court. However, we would note that where the trial court found that certain disbursements were not within the Trustee's discretion, he could assess part of the costs to the Trustee.

The evidentiary details contained in the record concerning the dealings of the Trustee are so confusing as to be almost impossible for this court to decipher. Therefore, we are unable to conclude that the presumption of correctness accompanying the decree of the trial court is rebutted. *Elliott v. Burch*, 293 Ala. 244, 301 So.2d 557.

Determining no error therein, the decree of the trial court is affirmed.

Affirmed.

BRADLEY and HOLMES, JJ., concur.